# UNITED STATES BANKRUPTCY COURT
# FOR NORTHERN DISTRICT OF ILLINOIS

IN RE:

CALVITA FREDERICK,

        Debtor,

/

RICHARD EASTY

        Plaintiff

  vs.

CALVITA FREDERICK,

        Defendant    /

Case No. 14-29045
Chapter 13

Hon. Janet S. Baer
Courtroom 615

Adv. Proc. No. 14 A. 00570

## NOTICE OF MOTION

To:    Glenda J. Gray
        Law Office of Glenda J. Gray
        223 West Jackson Blvd.
        Suite 1116
        Chicago, Illinois 60606

PLEASE TAKE NOTICE that on   March 12  , 2015 at 9:30 A.M. the undersigned shall appear before the Honorable Janet S. Baer in Room 615 of the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois and then and there present the **Adversary Plaintiff's Motion for Discovery Sanctions** a copy of which is served upon you via the ECF system.

                                            RICHARD EASTY

                                            By:    s/*Lawrence M. Karlin*
                                                      One of Plaintiff's Attorneys

Lawrence M. Karlin
KARLIN ASSOCIATES LLC
651 W. Washington St.
Suite 205
Chicago, IL 60661
(312) 845-2515
lkarlin@KE-LLP.com
ARDC NO. 3125137

33239

# UNITED STATES BANKRUPTCY COURT
## FOR NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: <br> CALVITA FREDERICK, <br><br> Debtor, <br> _____ / <br> RICHARD EASTY <br><br> Plaintiff <br> vs. <br> CALVITA FREDERICK, <br><br> Defendant _____/ | Case No. 14-29045 <br> Chapter 13 <br><br> Hon. Janet S. Baer <br> Courtroom 615 <br><br><br> Adv. Proc. No. 14 A. 00570 |

## ADVERSARY PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS

Plaintiff, RICHARD EASTY moves pursuant to Rule 37(b)(2)(i) and (iii) of the Federal Rules of Civil Procedure made applicable to adversary proceedings pursuant to Rule 7037 of the Federal Rules of Bankruptcy Procedure, for the entry of an order entering sanctions as a result of the failure by Defendant CALVITA FREDERICK ("*Frederick*") to comply with this court's order of entered January 23, 2015 (DOC #21) directing that Defendant answer Plaintiff's interrogatories and produce documents responsive to Plaintiff's document request by January 29, 2015. In support of this motion, Plaintiff states as follows:

1. Plaintiff filed an Adversary Complaint (DOC 1) on August 22, 2014 seeking a declaration that the Defendant's indebtedness to him arising out of a failed real estate transaction is nondischaregable.

2. The core allegations of the Complaint are that on May 28, 2013 Plaintiff, as seller, and Defendant, as buyer, entered into a contract for the sale of a single family home located in Oak Park, Illinois. The contract was a cash deal under which Defendant agreed to close the sale on June 11, 2013. At the time of the entry into the contract, Defendant represented to Plaintiff

33239

that "she expected to receive funds from a settlement shortly" from a "large case she was handling" which "she intended to use to pay the purchase price." (Complaint, ¶12).

3. Shortly before the June 11, 2013 closing, Defendant informed Plaintiff that she did not have the settlement funds, but expected to receive them within the week. (Complaint, ¶14). She requested that she be granted pre-closing possession (*Id.* ) and signed a Possession Agreement promising to close on June 26, 2013 and agreeing to pay $200.00 a day from June 12, 2013 to the day of closing. (*Id.* ¶15). The Agreement provided that no tenancy was being created and Defendant agreed to move on Plaintiff's demand if she failed to close by June 26, 2013.

4. Defendant did not close on June 26, 2013 or any time thereafter. (*Id.* ¶16). She was asked to move but refused to do so. Defendant stopped paying the $200 per day use and occupancy in September 2013. (*Id.* ¶18). She did not vacate the property until August 29, 2014 (See Answer to Complaint, Doc #12, ¶18) after this court entered an order granting relief from the stay (DOC #20) allowing Plaintiff to execute on a possession order which had been placed with the Cook County Sheriff prior to the filing of Defendants pending Chapter 13, case.

5. Plaintiff alleges that Defendants representation's that she was expecting funds from a settlement from which she expected to pay the purchase price on June 11, 2013 and on the extended closing date of June 26, 2013 were knowingly false and that Defendant had no reasonable basis to believe that she would have the funds to close on either June 11, 2013 or June 26, 2013.

6. Defendant filed an Answer on October 17, 2014 which contained three separately designated affirmative defenses.

7.      On October 21, 2014, Plaintiff served on Frederick a request for production of Documents, and interrogatories. The central focus of the discovery was to seek information related to the truth or falsity of Frederick's claim that as of May 28, 2013, while still a debtor in her prior 2011 Chapter 13 case, she reasonably believed that she was about to come into over $800,000 in settlement funds

8.      Defendant failed to timely answer or object to Plaintiff's written discovery. Plaintiff filed a motion to compel which was heard before by the court on January 22, 2015. On that date, while standing at the podium, Counsel for Frederick, Glenda Gray, handed counsel for Plaintiff what purported to be Frederick's responses to written discovery. With minor exception, Frederick had objected to every discovery request on the grounds that all information related to the settlement of Frederick's cases was confidential, including the name of the cases, and that answering the discovery would burdensome because "as framed the Request for Production seeks to compel Defendant to identify each and every client and/or business matter Defendant was engaged in at the time, which defendant claims are confidential matters." Frederick further objected that discovery of the facts on which Frederick based her representation that she was "expecting to receive a settlement in the near future" was irrelevant and intended "to annoy, embarrass and oppress Defendant."

9.      On January 22, 2015, the court stated, in open court, that the motion to compel would be granted with an order to follow.

10.      On January 22, 2015, Counsel for Plaintiff sent an email to Glenda Gray ("*Frederick Counsel*") demanding "full and complete answers by not later than February 6." The order by the court (DOC 21) was received after Counsel for Plaintiff sent the email and directed the Defendant to answer discovery by January 29, 2015. On January 24, 2015, after receiving

the Court order, Counsel for Plaintiff sent an email to Frederick Counsel stating that notwithstanding the date set forth in the Court Order, Plaintiff would agree to stand by the compliance date of February 6, 2015 per the earlier email.

11. On January 23, 2015, Plaintiff Counsel received an email from Frederick Counsel stating that she would be unable to draft a proposed protective order by January 26, 2015 as requested because "the settlement agreements require the opposing party's counsel to participate in the drafting of the order." Plaintiff Counsel responded by an email of the same date citing case law as to why settlement agreements with third parties, if relevant to an issue in the case, are discoverable. Plaintiff Counsel requested that Frederick Counsel provide a copy of the section of the alleged settlement agreements which she contended required the third party to participate in drafting the Protective Order. Copies of the emails exchanged on January 23, 2015 are attached as **Exhibit 1.**

12. On January 24, 2015, Plaintiff Counsel received a document purporting to be the confidentiality clause from one of Frederick's settlements. It provided in relevant part:

> 12.3 The terms of this Agreement may be disclosed only under the following circumstances: (1) as required by court order or a law; (2) to a Party's professional advisors, such as auditors or accountants, each of whom will be informed of and agree to be bound by this confidentiality clause (3) in any action or proceeding where the existence or terms of this Agreement are at issue, or (4) by the prior written agreement of the Parties.
>
> 12.4 Any Party or counsel, upon being served with a subpoena or other legal process, to testify or give evidence concerning this Agreement, shall give notice of the same to the other Parties and counsel within three (3) days of the receipt of such subpoena or other legal process, to allow the other Parties the opportunity to seek an appropriate protective order to preserve the confidentiality of the Agreement, and the Party or Parties served with such subpoena or other legal process shall give reasonable assistance and support to obtain such a protective order.

13. On January 28, 2015, Plaintiff Counsel sent an email to Frederick Counsel that nothing in the clause remotely required that the opposite party "participate" in the drafting of the

Protective Order. The clause merely required notice to the other party within 3 days of the discovery request so that the opposite party would have the opportunity to seek a protective order in its own right if it so chose. Plaintiff Counsel also pointed out that, because the discovery had been served in October 2014, the notice should have been given long ago. The email of January 28, 2015 is attached as **Exhibit 2.**

14. On February 2, 2015, Frederick Counsel sent an email to Plaintiff Counsel with a proposed Protective Order. The draft order, attached hereto as **Exhibit 3,** contained extensive recitals purportedly "agreed" to by the parties, which were purely argumentative, highly unusual and grossly inappropriate in that they purported to be factual findings or stipulations adverse to Plaintiff on key factual issues presented in the complaint, including:

> 2. FREDERICK has represented a client in a matter that was pending during the time period April – July 2013, which FREDERICK reasonably believed would settle quickly and provides funds to close the sale of the Chicago Avenue property.

> \* \* \*

> 7. FREDERICK is under the Order of US District Magistrate Jeffrey Cole not to disclose the terms of the settlement agreement, notwithstanding the order of this Court.

> 8. Public disclosure of the terms of said Confidential Settlement Agreement would subject FREDERICK and her clients to litigation for breach of the settlement agreement.

> \* \* \*

> 10. Disclosure of the Confidential Settlement Agreement entered into in December of 2013, will not enable the Plaintiff to determine what the value of the case was or where settlement negotiations were in the time period May - June of 2013.

15. Plaintiff Counsel sent emails to Frederick Counsel with specific objections to the terms of the Protective Order and stating terms which would be agreeable. The emails of February 2, and February 5, 2015 commenting on the Protective Order are attached as **Exhibit 4.**

Included with the February 5, 2015 was a draft of a Protective Order prepared by Plaintiff Counsel which Plaintiff Counsel indicated could be presented as agreed, a copy of which is attached as **Exhibit 5.**

16.   As of the filing of this motion Frederick has refused to produce the settlement agreements related to the cases she believed would provide the $822,000 she contracted to pay Plaintiff.  Frederick Counsel has not moved this court for the entry of a protective order.  Frederick Counsel did not send the draft protective order prepared by Plaintiff Counsel to counsel for U.S. Foods, one of the settling parties for comment or review.

17.   On February 6, 2015, Plaintiff Counsel sent another email to Frederick Counsel demanding the production of the settlement agreements and agreeing that the agreements would be treated as confidential in accordance with the terms of the Protective Order prepared by Plaintiff Counsel.

18.   On February 18, 2015, Plaintiff Counsel sent an email to Frederick Counsel asking that she call to discuss compliance with discovery.  No call was received.

WHEREFORE, Plaintiff, RICHARD EASTY requests that this Court enter an order as follows:

A.   That Defendant Calvita Frederick directed to produce all documents responsive to Plaintiff's Request for Production of Documents within 24 hours, including but not limited to all settlement agreements related to the cases which Frederick believed would provide the funds to close and all communications with any counsel or third parties in those case which preceded the execution of such settlement agreements.

B.   That Frederick Counsel be ordered to pay the reasonable expenses of Plaintiff in bringing this motion, including reasonable attorneys' fees as a sanction pursuant to Rule 37(5);

    C.      For such other relief as the Court deems appropriate.

    E.      A proposed order is submitted with this Motion.

                              Respectfully submitted,

                              RICHARD EASTY

                        By:   */s/ Lawrence M. Karlin*
                            One of his Attorneys

Lawrence M. Karlin  (ARDC# 3125137)
KARLIN ASSOCIATES  LLC
Attorney for Plaintiff
651 W. Washington St.
Suite 205
Chicago, IL 60661
(312) 845-2515
lkarlin@KE-LLP.com

Dated:  February 19, 2015